In the Matter of the Adoption of BABY TRISKO, also Known as EVELYN TRISKO, a Minor under the Age of Fourteen Years. ELIZABETH DEMYEN et al., Appellants; HERBERT H. HOLT et al., Respondents.— Order of adoption entered in the Surrogate's Court, Kings County, on a finding of abandonment, affirmed, without costs. No opinion. Carswell, Adel, Lewis and Aldrich, JJ.,

concur; Close, P. J., dissents with the following memorandum: The order should be reversed and the petition dismissed. The best interests of the child are not involved in this proceeding. Those interests may be tested in a proceeding appropriate for that purpose. The trier of the facts has found that the mother " legally and deliberately abandoned the child eight days after its birth " Under the facts here present that conclusion is not supported by the evidence. The persistent efforts of respondents to have the mother, before her marriage, come to New York to effectuate the adoption proceedings and her refusal so to do are inconsistent with that theory, as is the joint refusal of both parents after the child was legitimatized by their marriage. The fact that the mother's written consent to the adoption was secured but a few days after the baby's birth, considered in the light of the surrounding circumstances, gives weight to her claim that such consent was unwillingly given. Her statement that three months after the child was born she visited the home of respondents and brought the baby a blanket and other articles was not specifically denied. The fact that she requested and was given a snapshot of the baby by one of the respondents, the fact that respondents were blood relatives of the child, and many other undisputed circumstances that could be detailed from this record, when weighed against the equivocating testimony of respondents clearly establish that respondents have failed to bear their burden and establish by a preponderance of evidence that the child was abandoned either at the time fixed by the Official Referee or any other time. (*Matter of Bistany,* 239 N. Y. 19, 24; *Matter of Martin,* 268 App. Div. 1069.)